In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3028

HELICOPTERS, INC.,

*Petitioner*,

*v.*

NATIONAL TRANSPORTATION SAFETY BOARD,

*Respondent*.

On Petition for Review from a Decision of
the National Transportation Safety Board.

SUBMITTED SEPTEMBER 25, 2015 — DECIDED OCTOBER 13, 2015

Before MANION, SYKES, and HAMILTON, *Circuit Judges*.

PER CURIAM. Helicopters, Inc., filed a petition for review asking this court to order the National Transportation Safety Board to rescind or withhold reports on a crash involving a helicopter operated by the company. We conclude that the Board's reports are not final orders subject to our review, and thus we dismiss the petition for lack of jurisdiction.

**I**

In March 2014, two people were killed when a news helicopter crashed in Seattle. Helicopters, Inc., a company based in Illinois, owned and operated the helicopter involved in the crash. The National Transportation Safety Board began an investigation of the crash pursuant to its duty to investigate "and establish the facts, circumstances, and cause or probable cause of" an aircraft accident. 49 U.S.C. § 1131(a)(1); *see also* 49 C.F.R. § 831.4.

The results of the Board's investigations are "used to ascertain measures that would best tend to prevent similar accidents or incidents in the future." 49 C.F.R. § 831.4. The Board "does not engage in traditional agency adjudications, nor does it promulgate or enforce any air safety regulations. Rather, it simply analyzes accidents and recommends ways to prevent similar accidents in the future." *Joshi v. Nat'l Transp. Safety Bd.*, 791 F.3d 8, 10 (D.C. Cir. 2015) (citation and internal quotation marks omitted). At the end of an investigation, the Board publishes a final report that includes factual findings, a determination of the probable cause of the accident, and recommendations for safety improvements. *See* 49 U.S.C. § 1131(e); *Joshi*, 791 F.3d at 10.

The Board's reports have a limited purpose and effect: Government agencies use the reports to decide whether additional safety regulations are necessary. *See Joshi*, 791 F.3d at 10. The Board's investigations "are not conducted for the purpose of determining the rights or liabilities of any person." 49 C.F.R. § 831.4. In fact, "[n]o part of a report of the Board, related to an accident or an investigation of an accident, may be admitted into evidence or used in a civil action for damages

resulting from a matter mentioned in the report." 49 U.S.C. § 1154(b).

On September 1, 2015, the Board released a Factual Report laying out the information it had gathered during its investigation of the helicopter crash in Seattle. The Board has not yet released a Probable Cause Report, which will provide the Board's analysis of the likely cause of the accident. Three days later, Helicopters sent a letter to the Board asserting that the Factual Report "omits significant information that will make it impossible for the Board to reach an accurate determination of Probable Cause." The company requested that the Board rescind the Factual Report and refrain from releasing its Probable Cause Report until "the errors in the Factual Report are addressed."

The Board responded in a letter that the Factual Report was just one part of an ongoing investigation and that, once the Board completes its investigation, "it will issue a final accident report which will contain all relevant facts, detailed analysis … , the probable cause of the accident, and if appropriate, safety recommendations." The Board also told Helicopters that if after reviewing the final accident report the company believed that the findings and determination of probable cause were incorrect, Helicopters could file a petition for reconsideration with the Board under 49 C.F.R. § 845.41. (The company has asked the Board to reconsider its Factual Report, but that request remains pending before the Board.)

Helicopters then filed a petition for review with this court. The company requested both "interim relief" and a "final judgment" requiring the Board to rescind the Factual Report and prohibiting the Board from publishing the Probable

Cause Report until the Board addresses the purported inaccuracies in the Factual Report or reconsiders the report.

In its petition for review, Helicopters invokes 49 U.S.C. § 1153 as the basis of this court's jurisdiction. That statute provides that a federal court of appeals "may review a *final order*" of the Board. *Id.* § 1153(a) (emphasis added). Because of the seeming absence of a final order in this case, we directed the parties to brief whether this court has jurisdiction under the statute to consider the company's petition.

## II

Before addressing the parties' jurisdictional briefs, we note that only two courts of appeals—the D.C. Circuit and the Ninth Circuit—have considered whether the reports issued by the Board constitute reviewable final orders under § 1153(a). *See Joshi v. Nat'l Transp. Safety Bd.*, 791 F.3d 8 (D.C. Cir. 2015); *Gibson v. Nat'l Transp. Safety Bd.*, 118 F.3d 1312 (9th Cir. 1997). The D.C. Circuit concluded that the Board's reports do not constitute final orders under the statute because "no legal consequences of any kind result" from the reports. *Joshi*, 791 F.3d at 11. The D.C. Circuit rejected the argument that reputational, financial, emotional, or informational harms stemming from a report issued by the Board transformed the report into a final agency order that the court has jurisdiction to review. *Id.* at 11–12. The court concluded that the Board's denial of a petition for reconsideration likewise is unreviewable because "reconsideration petitions are simply another stage of the accident investigation procedure" and the denial of a petition for reconsideration does not "impose any legal consequences." *Id.* at 12. The D.C. Circuit's analysis is consistent with the Ninth Circuit's conclusions that the Board's denial of

a petition to reopen an investigation "does not constitute an 'order,'" *Gibson*, 118 F.3d at 1313, and that reports of the Board's investigations "do not entail the 'determinate consequences' required of a final order that can invoke" the court's jurisdiction, *id.* at 1315.

We agree with the reasoning of the D.C. Circuit in *Joshi* and the Ninth Circuit in *Gibson*, and conclude that this case is not distinguishable from those cases. Neither the Factual Report nor the Probable Cause Report are reviewable final orders under § 1153(a) because the reports do not create any legal repercussions for Helicopters. *See Joshi*, 791 F.3d at 11; *Gibson*, 118 F.3d at 1315. Helicopters maintains that this case is distinguishable from *Joshi* and *Gibson* because the company "is not asking this Court to review the contents, conclusions or merits of the [Board's] Factual Report or any future Probable Cause Report." Instead, Helicopters says that it "is seeking review of the [Board's] decision to publish for public consumption incomplete and inaccurate information related to Petitioner's involvement in the aircraft accident *prior to* investigating the inaccuracies." This argument has no merit. As the Board points out in its jurisdictional brief, to decide whether Helicopters is entitled to the relief it seeks, this court would have to determine whether the Board "has published an 'inaccurate' report." Thus, to resolve this case, we would have to review the accuracy of the report. The Board also points out that the Factual Report is not final—"it is interlocutory and subject to change"—and the company's claim that the Board's Probable Cause Report will be faulty is therefore speculative.

Helicopters contends that it will suffer "commercial and reputational harm" as a result of the Board's reports, but as

the D.C. Circuit has explained, "these are practical conse-
quences, not legal harms that can transform the Reports into
a final agency order[.]" *Joshi*, 791 F.3d at 11–12; *see also Bennett
v. Spear*, 520 U.S. 154, 177–78 (1997) (citation and internal
marks omitted) (explaining that, for an agency action to be
considered final, "the action must be one by which rights or
obligations have been determined, or from which legal conse-
quences will flow"). The company also argues that this court
has jurisdiction under the collateral order doctrine. But that
doctrine doesn't apply here because, among other things,
there is no "conclusive decision" by the Board. *See Herx v. Di-
ocese of Fort Wayne-S. Bend, Inc.*, 772 F.3d 1085, 1088–89 (7th
Cir. 2014); *Cobra Nat. Res., LLC v. Fed. Mine Safety & Health Re-
view Comm'n*, 742 F.3d 82, 88 (4th Cir. 2014) (citations omitted)
("Clearly, if a court or agency expressly holds open the possi-
bility of reconsideration, a collateral order appeal should not
be authorized.").

### III

For the reasons set forth in this opinion, we dismiss the
petition for lack of jurisdiction.